# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>GR INVESTMENTS, LLC, et al.,<br><br>Defendants. | Case No. 2:17-cv-03005-JAD-CWH<br><br>**ORDER** |

Presently before the court is plaintiff Federal Housing Finance Agency's ("FHFA") motion to stay discovery (ECF No. 47), filed on May 6, 2019. Defendants GR Investments LLC and Silverstone LLC filed a response (ECF No. 53) on May 20, 2019. Plaintiff filed a reply (ECF No. 54) on May 28, 2019.

Also before the court is the parties' proposed discovery plan and scheduling order (ECF No. 59), filed on June 17, 2019.

**I.     BACKGROUND**

This dispute arises from a homeowners' association foreclosure sale of real property located at 8913 Cerniglia Street, Las Vegas, NV 89143. (Compl. (ECF No. 1).) Plaintiff FHFA, as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), claims that Freddie Mac owned the deed of trust at the time of the sale. (*Id.*) FHFA seeks declaratory relief and to quiet title. (*Id.*)

FHFA now moves to stay discovery pending the court's resolution on its motion for summary judgment, arguing that the motion is potentially case-dispositive and can be resolved without discovery. (Mot. to Stay (ECF No. 47).) Defendants respond that a stay of discovery is

inappropriate, and that plaintiff has failed to demonstrate good cause to stay discovery. (Resp. (ECF No. 53).) Plaintiff replies that the court should grant the motion because the evidence in the records establishes the material facts, and no further discovery is necessary. (Reply (ECF No. 54).)

## II. ANALYSIS

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner*, 175 F.R.D. at 556 (quotation omitted).

Having reviewed the motion for summary judgment, the court finds that a stay of discovery is appropriate. If granted, the motion for summary judgment will dispose of plaintiff's claims. The motion for summary judgment presents the question of whether the HOA foreclosure sale extinguished Freddie Mac's interest in the property under 12 U.S.C. § 4617(j)(3), the Federal Foreclosure Bar. (Mot. for Summary Judgment (ECF No. 46).) This is a question of law, rather than one of fact, because it requires the court's interpretation of the Federal Foreclosure Bar. Accordingly, the court finds that the motion for summary judgment can be resolved without additional discovery. As such, the court grants the motion to stay discovery. Discovery is stayed pending the court's resolution of the motion for summary judgment. Given that discovery is now stayed, the parties' proposed discovery plan and scheduling order is denied without prejudice. The parties may resubmit the proposed discovery plan, if necessary, following the court's resolution of the motion for summary judgment.

### III. CONCLUSION

IT IS THEREFORE ORDERED that FHFA's motion to stay (ECF No. 47) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED pending the court's resolution of FHFA's motion for summary judgment (ECF No. 46).

IT IS FURTHER ORDERED that the parties' proposed discovery plan and scheduling order (ECF No. 59) is DENIED without prejudice. The parties may resubmit the proposed discovery plan, if necessary, following the court's ruling on the motion for summary judgment.

DATED: June 18, 2019

_____
C.W. HOFFMAN, JR
UNITED STATES MAGISTRATE JUDGE