# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Federal Housing Finance Agency, as conservator of Federal Home Loan Mortgage Corporation, et al., | Case No.: 2:17-cv-03005-JAD-EJY |
| Plaintiffs | **Order Granting Reconsideration and Reinstating Freddie Mac and Nationstar's Claims** |
| v. | |
| GR Investments LLC, et al., | [ECF Nos. 41, 45, 46, 56, 62] |
| Defendants | |

    This quiet-title action was initiated by the Federal Housing Finance Agency ("FHFA") as conservator for Federal Home Loan Mortgage Corporation (better known as "Freddie Mac"), Freddie Mac itself, and Freddie Mac's loan servicer Nationstar Mortgage, seeking a declaration that a 2012 nonjudicial foreclosure sale by a homeowners' association (HOA) did not extinguish Freddie Mac's deed of trust securing the mortgage on the home. Their primary theory is that, although a proper HOA foreclosure sale wipes out a first trust deed under Nevada law, the Federal Foreclosure Bar in the Housing and Economic Recovery Act of 2008 ("HERA")[1] shielded Freddie Mac's deed of trust from that fate.

    Earlier this year, I considered defendant foreclosure-sale purchaser GR Investments, LLC's motion to dismiss this case as time-barred. I found that the FHFA's quiet-title claim is governed by a six-year statutory deadline in HERA, so the agency's claims—filed about five

---

[1] 12 U.S.C. § 4511 et seq.; the Federal Foreclosure Bar is found at 12 U.S.C. § 4617(j)(3).

years and two months after the foreclosure sale—are timely.[2]  But I also held that HERA, by its plain language, extends the filing period for claims brought by the FHFA only,[3] so I dismissed as untimely the same quiet-title claims brought by Freddie Mac and Nationstar.[4]  Freddie Mac and Nationstar move for reconsideration of that dismissal, correctly noting that because GR Investments never argued that the extender statute does not apply to their claims, they never had the opportunity to brief that nuanced issue; if they had, they would have demonstrated that they, too, can claim HERA's extender statute's benefits.  GR seeks reconsideration of a different issue, arguing that I should have found that the FHFA's claims are governed by HERA's three-year limitations period, not its six-year one.[5]

Freddie Mac and Nationstar have persuaded me that reconsideration is warranted and that their claims—not just those prosecuted by the FHFA—also get the benefit of HERA's extended limitations period.  And despite GR's reurging, I maintain that the six-year period for contract claims, not the three-year deadline for torts, applies to these equitable quiet-title claims.  So I grant Freddie Mac and Nationstar's motion for reconsideration, deny GR's, and vacate the portion of my March 11, 2019, order dismissing Freddie Mac and Nationstar's claims.

**Discussion**

**A.  The court grants reconsideration on the issue of which plaintiffs get the benefit of HERA's statute of limitations for Federal Foreclosure Bar claims.**

Although I remain convinced that HERA's extender statute is unambiguous and that its plain language limits its application to actions brought by the FHFA, Freddie Mac and Nationstar

---

[2] 12 U.S.C. § 4617(b)(12)(A).
[3] ECF No. 39.
[4] *Id*. at 10–12.
[5] ECF No. 45.

have persuaded me that the Ninth Circuit's holding in *United States v. Thornburg*[6] that a similar federal limitations period applied to claims by an assignee of a government agency binds me to rule similarly here. So I follow *Thornburg* and find that Freddie Mac and Nationstar's quiet-title claims get the benefit of HERA's federal statute of limitations.

The question in *Thornburg* was whether the six-year federal limitation period that governs actions by the United States to enforce a debt[7] continued to apply when the Small Business Administration (SBA) assigned a note and personal guaranty to a bank for collection purposes.[8] The panel found persuasive the Fifth Circuit's ruling in *FDIC v. Bledsoe* that the extender statute in the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") "was transferred" along with a promissory note that the government agency assigned to a private institution.[9] Like HERA, FIRREA "explicitly accords a six year period of limitations to actions brought by the FDIC as conservator or receiver," but "[a]ssignees are not covered by [its] express terms . . . ."[10] So the *Bledsoe* court "turn[ed] to the common law to fill the gap" and reasoned that the private institution, "as assignee, stood in the shoes of the" government entity, "the assignor, and thus received" the federal statute's six-year limitations period.[11]

---

[6] *United States v. Thornburg*, 82 F.3d 886 (9th Cir. 1996).

[7] *See id.* at 889 n.4 (quoting 28 U.S.C. § 2415(a), which provided in relevant part that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. . . .").

[8] *Thornburg*, 82 F.3d at 890–92.

[9] *FDIC v. Bledsoe*, 989 F.2d. 805, 808 (5th Cir. 1993).

[10] *Id.* at 809 (quoting 12 U.S.C. § 1821(d)(14)).

[11] *Id.* at 810.

3

The *Thornburg* court found its own facts "an even more compelling situation for the application of the common law rule than the factual predicate for the *Bledsoe* line of cases."[12] The SBA had not "divest[ed] itself of its right to bring an action to collect the unpaid balance of the loan," it merely "appoint[ed] the [b]ank to act as its surrogate in negotiating with the debtors."[13] Thus, the panel concluded, "the [federal] six-year statute of limitations was applicable to any action filed by the [b]ank on behalf of the United States to enforce the debt secured by the [n]ote and the Thornburgs' personal guaranty."[14]

*Thornburg* blazed the trail that I must follow in deciding whether Freddie Mac and Nationstar enjoy the benefit of HERA's extender statute. Freddie Mac alleges that it acquired ownership of the mortgage on this property, along with the deed of trust securing it, in 2007.[15] Freddie Mac is also currently reflected in the real property records of Clark County, Nevada, as the beneficial owner of that deed of trust.[16] However, that asset became FHFA property when Freddie Mac went into conservatorship in 2008, and the agency holds it in trust for the benefit of Freddie Mac.[17] The FHFA has issued a public statement confirming that it supports "actions to contest" HOA "foreclosures that purport to extinguish [Freddie Mac] property interests" in violation of the Federal Foreclosure Bar,[18] and HERA authorizes the FHFA, as conservator, to

---

[12] *Thornburg*, 82 F.3d at 891.

[13] *Id*.

[14] *Id*. at 892.

[15] ECF No. 1 at ¶ 26.

[16] ECF No. 1-1 at 106.

[17] *See* 12 U.S.C. 4617(b); *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017); *Federal Home Loan Mortg. Corp. v. SFR*, 893 F.3d 1136, 1146 (9th Cir. 2018).

[18] *See* https://www.fhfa.gov/Media/PublicAffairs/PublicAffairsDocuments/Authorized-Enterprise-Servicers-Reliance.pdf, last visited 12/11/19; ECF No. 31-3 at 87. I take judicial notice of that statement as its accuracy is undisputed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629

delegate operational decisions to Freddie Mac's management.[19] The complaint also alleges that Nationstar is the current servicer of the Loan for Freddie Mac."[20] Thus, Nationstar is acting as a loan-servicing agent for enforcement purposes only,[21] just like the bank in *Thornburg* was assigned the note and guaranty "for the purpose of collection."[22] To hold that HERA's extender statute does not apply to Freddie Mac and Nationstar's action to protect the agency's deed of trust would be incompatible with the Ninth Circuit's ruling in *Thornburg* that "the six-year federal statute of limitations was applicable to any action filed by the [b]ank, as an assignee of the SBA."[23] I thus follow *Thornburg* and hold that HERA's statute of limitations also applies to Freddie Mac and Nationstar's claims contesting the HOA-foreclosure-sale extinguishment of the deed of trust.

**B.  These Federal Foreclosure Bar-based quiet-title claims are governed by HERA's six-year deadline for contract claims.**

GR Investments agrees that reconsideration is warranted—but on a different point: the length of HERA's statutory period that governs the plaintiffs' quiet-title claims.[24] As I lamented when first examining HERA's extender statute in my original dismissal order, these equitable quiet-title claims are a poor fit for HERA's binary limitation-period structure, which recognizes

---

F.3d 992, 998–99 (9th Cir. 2010) (noting that "[i]t is appropriate to take judicial notice of" information on government websites when its accuracy and authenticity are not disputed).

[19] 12 U.S.C. § 4617(b)(2)(C).

[20] ECF No. 1 at ¶ 29.

[21] *See Berezovsky*, 869 F.3d at 933 (explaining the loan-servicer relationship in light of the government-sponsored enterprise's Single-Family Seller/Servicer Guide, which is subject to judicial notice).

[22] *Thornburg*, 82 F.3d at 890–91.

[23] *Id.* at 894.

[24] ECF No. 45.

5

just two categories of claims: tort and contract. But fit they must, because courts interpreting HERA have held that its limitations periods apply to all of the FHFA's claims as conservator. So a court applying those periods must decide whether a claim fits better in the contract or tort category.

GR argues that my conclusion that the plaintiffs' quiet-title claims sort better into the contract category is "magical[]."[25] GR isn't wrong—these claims aren't truly tort or contract claims, so some sleight of hand is necessary to force them into either category—but that doesn't make my conclusion erroneous. GR itself acknowledges that the court must categorize these claims as either tort or contract, it just suggests that I should go about it differently: by first concluding that these claims are not contract claims, so they must, by default, be torts.[26]

But by any approach, these claims relate more closely to contract than tort. Plaintiffs' right to bring this quiet-title claim springs from a deed of trust securing a mortgage loan, which is a contract document. The standard remedy for torts is damages, and plaintiffs aren't seeking any. Plaintiffs do not bring their claims against parties they allege to have wronged them, but against the foreclosure-sale purchaser who asserts a conflicting interest in the property. Section 4617(b)(13)(B) of HERA defines a "tort claim" as "a claim arising from fraud, intentional misconduct resulting in unjust enrichment, or intentional misconduct resulting in substantial loss to the regulated entity,"[27] but this action involves none of those elements. It seeks instead a declaration that federal law preempted a state law from extinguishing a deed of trust securing a

---

[25] ECF No. 45 at 5.

[26] *Id.* at 6.

[27] 12 U.S.C. § 4617(b)(13)(B).

loan contract.[28] Plus, the conclusion that these claims should get the benefit of HERA's longer six-year statutory period is consistent with the Ninth Circuit's rule that, "[w]hen choosing between multiple potentially applicable statutes [of limitation], 'as a matter of federal policy the longer statute of limitations should apply.'"[29] So I maintain that it is HERA's six-year statutory period, not its three-year deadline, that applies to the plaintiffs' quiet-title claims, and I deny GR's motion.[30]

**C.     Impact of reconsideration on other pending motions [ECF Nos. 46, 56, 62]**

Having concluded that Freddie Mac and Nationstar's claims also enjoy the benefit of HERA's six-year extender statute, making their claims timely, I reverse that portion of my previous order in which I held that HERA's extender statute does not apply to their claims (ECF No. 39, § A(3)) and revive those claims. The FHFA filed a motion for summary judgment based on the Federal Foreclosure Bar several months ago, and that motion remains pending.[31] Because I anticipate that Freddie Mac and Nationstar will want to join in that motion now, and the most efficient way for that issue to be packaged would be in a single motion on behalf of all plaintiffs, I deny the FHFA's pending motion for summary judgment without prejudice to its timely reassertion. I also deny the defendants' countermotion for FRCP 56(d) relief as moot and without prejudice.[32] And because the denial without prejudice of the FHFA's motion for

---

[28] I am unpersuaded by GR's slip-and-fall syllogism to suggest that, under my logic, such an obvious tort claim would sort into HERA's contract bucket. *See* ECF No. 45 at 5. GR's hypothetical does not share the hallmarks that move these quiet-title claims into the contract category.

[29] *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1187 (9th Cir. 2010) (quoting *Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 465 (7th Cir. 1991)).

[30] ECF No. 45.

[31] ECF No. 46.

[32] ECF No. 56.

summary judgment terminates the discovery stay imposed by Magistrate Judge Hoffman,[33] I also overrule as moot GR Investments' objections to that stay order.[34] The parties have until January 17, 2020, to submit a Joint Discovery Plan and Scheduling Order after meeting for a new FRCP 26/LR 26-1 conference.

**Conclusion**

IT IS THEREFORE ORDERED that **Freddie Mac and Nationstar's motion for reconsideration [ECF No. 41] is GRANTED. The portion of the March 11, 2019, Order holding that HERA's extender statute does not apply to Freddie Mac and Nationstar's quiet-title claims and dismissing those claims as untimely [ECF No. 39, § A(3)] is VACATED**, and those claims are reinstated.

IT IS FURTHER ORDERED that GR Investments, LLC's countermotion for reconsideration **[ECF No. 45] is DENIED**;

IT IS FURTHER ORDERED THAT the Federal Housing Finance Agency's motion for summary judgment, and GR Investments' countermotion for FRCP 56(d) relief from that summary-judgment motion **[ECF Nos. 46, 56] are DENIED without prejudice**; and GR Investments' objection to the magistrate judge's stay order **[ECF No. 62] is OVERRULED as moot.**

---

[33] ECF No. 61 at 3 ("Discovery is stayed pending the court's resolution of the motion for summary judgment. Given that discovery is now stayed, the parties' proposed discovery plan and scheduling order is denied without prejudice. The parties may resubmit the proposed discovery plan, if necessary, following the court's resolution of the motion for summary judgment.")

[34] ECF No. 62.

8

IT IS FURTHER ORDERED that **the parties have until January 17, 2020, to submit a Joint Discovery Plan and Scheduling Order after meeting for a new FRCP 26/LR 26-1 conference.**

                                                    _____
U.S. District Judge Jennifer A. Dorsey
Dated: December 13, 2019