UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, as conservator of Federal Home Loan Mortgage Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION; and NATIONSTAR MORTGAGE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GR INVESTMENTS LLC; and SILVERSTONE LLC,<br><br>Defendants. | Case No. 2:17-cv-03005-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Stay Discovery (ECF No. 69) and the parties' Revised Supplemental Joint Discovery Plan and Scheduling Order (ECF No. 70). The Court has considered Plaintiffs' Motion, Defendants' Response (ECF No. 71), and Plaintiffs' Reply (ECF No. 72). The Court finds as follows.

**I.    BACKGROUND**

This action concerns a homeowners' association ("HOA") foreclosure sale of real property located at 8913 Cerniglia Street, Las Vegas, NV 89143. ECF No. 1 at 2:5-8. Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), claims that Freddie Mac owned the deed of trust at the time of the sale. *Id.* Accordingly, Plaintiffs seek declaratory relief and to quiet title. *Id.*

On June 18, 2019, Judge Hoffman granted FHFA's Motion to Stay Discovery (ECF No. 47) pending resolution of FHFA's Motion for Summary Judgment (ECF No. 46). ECF No. 61. Judge Hoffman found a stay of discovery appropriate because FHFA's summary judgment motion presented a question of law (whether the HOA foreclosure sale extinguished Freddie Mac's interest in the property under 12 U.S.C § 4617(j)(3), the Federal Foreclosure Bar), not one of fact requiring additional discovery. *Id.* at 3:3-8. Judge Hoffman also found that the pending motion would be case

dispositive if granted.[1]  *Id*. at 3:3-6.  As such, the Court stayed discovery pending resolution of FHFA's Motion for Summary Judgment.  *Id*. at 3:8-9.  On July 2, 2019, Defendants objected to the Court's Order on FHFA's Motion to Stay Discovery (ECF No. 62).

On December 13, 2019, the Court granted Plaintiffs Freddie Mac and Nationstar's Motion to Reconsider (ECF No. 41) an earlier Order (ECF No. 39) granting in part and denying in part Defendants' Motion to Dismiss Complaint (ECF No. 32).  ECF No. 65.  As a result, the Court vacated the portion of its previous Order dismissing Freddie Mac and Nationstar's quiet title claims as untimely under the Housing and Economic Recovery Act, and reinstated those claims.  *Id*. at 8:7-10.  In addition, the Court denied FHFA's Motion for Summary Judgment without prejudice because it was "anticipate[d] that Freddie Mac and Nationstar will want to join in that motion now, and the most efficient way for that issue to be packaged would be in a single motion on behalf of all plaintiffs."  *Id*. at 7:13-14.  "And because the denial without prejudice of the FHFA's motion for summary judgment terminates the discovery stay . . . , [the Court] also overrule[d] as moot [Defendant] GR Investments' objections to that stay order."  *Id*. at 7:17-8:2.  Accordingly, the Court ordered the parties to submit a Joint Discovery Plan and Scheduling Order.  *Id*. at 8:2-3.

On January 17, 2020, the parties submitted a Stipulated Discovery Plan and Scheduling Order.  ECF No. 66.  The Court denied the same six days later because "the parties submit[ted] this document . . . despite the fact that the parties do not agree on the scope or length of discovery."  ECF No. 67 at 1:13, 1:15 (internal citations omitted).  The parties were therefore ordered to submit a revised stipulated discovery plan and scheduling order "representing agreement as to the scope and length of discovery or, alternatively, their respective proposals and basis for such proposals in a single document clearly identifying the same."  *Id*. at 1:21-23.  The parties' Revised Supplemental Joint Discovery Plan and Scheduling Order (ECF No. 70) is before the Court today.

On January 31, 2020, Plaintiffs moved to stay discovery (ECF No. 69) pending the Court's resolution of their renewed Motion for Summary Judgment (ECF No. 68), filed the same day,

---

[1] "The asset protection clause known as the Federal Foreclosure Bar provides that '[n]o property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency.'"  *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017) (internal citation omitted).

arguing that the latter motion is case dispositive and can be resolved without additional discovery. Plaintiffs allege that their summary judgment motion will likely dispose of this matter because "Defendants' claim to the Property depends on a state statute that is preempted by the Federal Foreclosure Bar[.]" ECF No. 69 at 4:17-18 (internal citations omitted). Plaintiffs further contend that "the Court can decide whether Plaintiffs are entitled to summary judgment . . . without additional discovery because a motion for summary judgment presents a question of law, rather than one of fact." *Id*. at 5:8-10 (internal citations and quotation marks omitted). Plaintiffs explain that Freddie Mac's previously submitted business records and sworn employee declaration, "identify[ing] . . . how those records confirm the date of [Freddie Mac's] acquisition and continued interest in the loan at the time of the HOA sale, as well as its contractual relationship with its servicer or nominee." *Id*. at 5:20-22. This, Plaintiffs state, constitutes sufficient evidence for a district court to find that a Government-Sponsored Enterprise (including Freddie Mac) held a secured interest in property without additional discovery, notwithstanding an opposing party's request for Rule 56(d) relief. *Id*. at 5:20-22; 5:25-6:13 (internal citations omitted). In sum, Plaintiffs argue that a "'preliminary peek' at the issues . . . asserted in their renewed motion for summary judgment reveals that the motion primarily presents pure questions of law requiring only that the Court interpret the Federal Foreclosure Bar and enforce its preemptive effect on Nevada law." *Id*. at 6:13-16 (internal citation omitted).

On February 14, 2020, Defendants filed their Response to Plaintiffs' Motion to Stay Discovery. ECF No. 71. Defendants first distinguish the cases to which Plaintiffs cite from the case at bar because those decisions purportedly do not discuss non-moving parties' Rule 56(d) discovery requests (*id*. at 2:11-3:6), and "[t]he majority of the cases cited by Plaintiffs . . . are ones where the parties stipulated or where no one opposed the stay motion." *Id*. at 3:20-21.[2] Defendants further contend that they "must be given a reasonable opportunity to defend itself [sic]. It cannot be that Plaintiffs file their summary judgment motion and Defendants simply show up and lose." *Id*. at 4:19-20 (internal alteration omitted). In support, Defendants cite to another case from this District

---

[2] On February 21, 2020, Defendants filed their Response to Plaintiffs' Motion for Summary Judgment (ECF No. 75) and Counter-Motion for Fed. R. Civ. P. 56(d) Relief (ECF No. 76).

3

in which Judge Hoffman permitted a HOA foreclosure sale purchaser to depose Rule 30(b)(6) witnesses for Freddie Mac and its loan servicer, notwithstanding a pending summary judgment motion. *Id*. at 5:1-4, *citing* ECF No. 71-1 (Transcript of Proceedings for *M&T Bank v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-01867-JCM-CWH (Oct. 15, 2018)) at 6:20-24. Defendants go on to assert that additional discovery may uncover probative evidence, citing to deposition transcripts from two other cases in which a Federal National Mortgage Association ("Fannie Mae") employee was unable to identify a document custodian who had physical possession of a disputed promissory note. *Id*. at 5:7-18, *citing* ECF No. 71-2 (Deposition Transcript of Fannie Mae's Rule 30(b)(6) Witness in *Wells Fargo Bank, N.A. v. Southern Highlands Comm. Ass'n*, Case No. A-13-683554-C) at 22:15-24:13, 26:16-27:5 and ECF No. 71-3 (Deposition Transcript of Fannie Mae's Rule 30(b)(6) Witness in *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC et al*, 2:17-cv-01750-APG-BNW) at 22:5-12, 23:22-24:7, 24:18-25. Defendants claim these depositions demonstrate that "when given the opportunity [to conduct further discovery], parties have been able to establish issues of fact and uncover inconsistencies." *Id*. at 4:2-3 (internal alterations omitted). Finally, Defendants maintain that Freddie Mac's testimony elsewhere concerning its practice of retaining loan servicers to also serve as document custodians, combined with the "known fraud" perpetuated by the originating lender listed on the deed of trust and alleged seller of the loan at issue, Taylor Bean & Whitaker ("TBW"), "bring[] about significant questions of fact regarding Plaintiff's purported ownership interest that Defendants must be given the opportunity to explore." *Id*. at 7:8, 7:10-11; *see also id*. at 6:14-15, *citing* ECF No. 71-4 (Deposition Testimony of Freddie Mac's Rule 30(b)(6) Witness in *SFR Invs. Pool 1, LLC v. Wash. Mut. Bank,* Case No. A-12-672769-C) at 22:20-24:5; *id*. at 6:19-7:8.

On February 21, 2020, Plaintiffs submitted their Reply. ECF No. 72. Plaintiffs cite to "overwhelming authority from the Ninth Circuit that discovery is unnecessary with respect to an Enterprise's ownership of a loan where it produces business records, a declaration, and relevant portions of the [Freddie Mac Servicing] Guide confirm[ing] that a stay of discovery is appropriate pending resolution of the summary judgment motion." *Id*. at 6:9-12. Plaintiffs also challenge Defendants' claim that none of the cited Ninth Circuit precedent dealt with a HOA sale purchaser's Rule 56(d) request for additional discovery. *Id*. at 6:15-18. Lastly, Plaintiffs characterize

Defendants' citations to other cases as "irrelevant" to the matter at hand for four reasons. These include: (1) in October 2018, Judge Hoffman decided not to stay discovery in another case; however, in this case he determined discovery should be stayed because "the Ninth Circuit had further clarified its views on the issue" (*id.* at 10:20-21) (internal alteration omitted); (2) unlike this case where Freddie Mac is a party and has produced business record evidence "that it owned the Loan on the date of the HOA Sale," in the matter referenced by Defendants Fannie Mae was unable to "identify a document custodian who had physical possession of a promissory note on Fannie Mae's business records" (*id.* at 9:13-14, 9:8-9) (internal citation omitted); (3) "the identity of a document custodian is . . . irrelevant to whether Freddie Mac owned the Loan at the relevant time" (*id.* at 9:16-17); and, (4) allegations of TBW's impropriety elsewhere do not undermine the reliability of the Enterprise's business records in this action (*id.* at 10:2-4) (internal citation omitted).

## II.  DISCUSSION

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011

WL 841391, at *1 (D. Nev. Mar. 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.[3] *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of a dispositive motion that best effectuates Fed. R. Civ. P. 1's objective for the "just, speedy, and inexpensive" determination of actions. *Id.* at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556. Motions for summary judgment are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

A preliminary peek at Plaintiffs' Motion for Summary Judgment demonstrates that the issues raised are likely dispositive of the claims and defenses alleged by the parties. Specifically, Plaintiffs argue in their summary judgment motion that Defendants' claim to the property at issue is premised on a Nevada statute preempted by the Federal Foreclosure Bar, as set forth in *Ditech Fin., LLC v. SFR Invs. Pool 1, LLC*, No. 17-16576, 793 F. App'x 490, 491 (9th Cir. Nov. 21, 2019) (unpublished) ("[T]he Federal Foreclosure Bar applies to any property for which the [FHFA] serves as conservator and immunizes such property from any foreclosure without [FHFA] consent.") (internal citations and quotation marks omitted); *Fed. Nat'l Mortg. Ass'n v. KK Real Estate Inv. Fund, LLC* ("*KKRE*"), No. 18-15301, 772 F. App'x 552, 553 (9th Cir. June 21, 2019) (unpublished) (same); *JP Morgan Chase Bank v. Las Vegas Dev. Group, LLC*, No. 17-15680, 740 F. App'x 153, 154 (9th Cir. Oct. 18, 2018) (unpublished) (same); *Williston Inv. Group, LLC v. JP Morgan Chase Bank, NA*, No. 16-15929, 736 F. App'x 168, 169 (9th Cir. Aug. 31, 2018) (unpublished) (same); *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1146-47 (9th Cir. 2018) (same); *Saticoy Bay,*

---

[3] Defendants appear to argue that the *Tradebay* factors do not apply to this case because "*Tradebay* dealt with pending motions to dismiss, not motions for summary judgment." ECF No. 71 at 7:16-17. Although the *Tradebay* court granted a stay of discovery pending disposition of a motion to dismiss, the discussion analyzed the propriety of a stay of discovery while a *dispositive* motion is pending. 278 F.R.D. at 602 ("First, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery."). Defendants' attempt to distinguish *Tradebay* from the present action is unpersuasive.

*LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, No. 16-15478, 699 F. App'x 658, 658-59 (9th Cir. Oct. 20, 2017) (unpublished) (same); *Elmer v. JPMorgan Chase & Co.*, No. 15-17407, 707 F. App'x 426, 427 (9th Cir. Aug. 31, 2017) (unpublished) (same); *Berezovsky*, 869 F.3d at 931 (same). These cases consistently hold that an HOA foreclosure sale conducted under Nevada's foreclosure statute does not extinguish a Government-Sponsored Enterprise's deed of trust because the Federal Foreclosure Bar supersedes Nevada's statutory superpriority lien provision. Therefore, Plaintiffs' pending Motion for Summary Judgment, which is predicated on the Federal Foreclosure Bar, will likely dispose of this matter.

The Court also finds Plaintiffs' summary judgment motion can be decided without additional discovery. That is, this Court has repeatedly found discovery unnecessary when a Government-Sponsored Enterprise submits business records along with an employee declaration demonstrating ownership of a secured interest in property predating an HOA foreclosure sale. *Fed. Nat'l Mortg. Ass'n v. 6955 N. Durango Tr.*, No. 2:17-cv-01884-JCM-GWF (D. Nev. Apr. 4, 2018) (ECF No. 26 at 2:24-25) (staying discovery because "Fannie Mae submitted business records and a sworn declaration confirming the date of its acquisition and interest in the subject loan at the time of the HOA sale"); *Bank of Am., N.A. v. Terraces at Rose Lake Homeowners Ass'n et al*, No. 2:16-cv-1106-GMN-PAL, 2017 WL 7037740, at *2 (D. Nev. Oct. 26, 2017) (unpublished) (staying discovery because "Fannie Mae's business records have been disclosed[, a] summary judgment motion has been filed[,] and the accompanying testimony of [the government enterprise's] witness will conclusively prove when Fannie Mae acquired the note and deed of trust, and that it was the owner of the note and deed of trust at the time of the HOA foreclosure sale at issue"). Significantly, in *Ditech Fin. LLC v. SFR Invs. Pool 1, LLC* ("*Ditech*"), this Court determined further discovery was unnecessary because "[p]laintiffs . . . presented business records supported by employee declarations, which show that [p]laintiffs purchased the original loans secured on the Properties and maintained ownership at the time of the respective HOA foreclosure sales." 380 F. Supp. 3d 1089, 1095 (D. Nev. 2019). There, Judge Navarro found that "[t]his Court, as well as the Ninth Circuit, has explicitly rejected . . . arguments" Defendants put forth today in support of additional discovery

"going to the authenticity of the records, sufficiency of the agency, relationships and property interests, recording documents, and consent to extinguishment." *Id*. (internal citations omitted).

In accordance with the above, Plaintiffs have produced Freddie Mac's business records and a sworn employee declaration "confirm[ing] the date of the Enterprise's acquisition and continued interest in the loan at the time of the HOA sale, as well as its contractual relationship with its servicer or nominee." ECF No. 69 at 5:20-22. Under analogous circumstances presented in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A. et al*, the Court stayed discovery pending resolution of a defendant's motion for summary judgment. No. 2:13-cv-00649-JCM-GWF (D. Nev. July 17, 2018) (ECF No. 148). Notably, *Bourne Valley Court Tr.* involved the same counsel representing Defendant GR Investments in this matter who presented parallel arguments as those before the Court today challenging the sufficiency of an Enterprise's business records in establishing a secured interest over disputed property. *Id*. at ECF No. 143 at 4:17-19. The Court rejected those arguments before staying discovery finding that the loan servicer "submitted business records and a sworn declaration of an employee of Freddie Mac confirming the date of its acquisition and interest in the subject loan at the time of the HOA sale." *Id*. at ECF No. 148 at 2:22-23. This analysis applies with equal force here.

Defendants claim that the Ninth Circuit precedent upholding the sufficiency of evidence submitted in Federal Foreclosure Bar litigation to which Plaintiffs cite is distinguishable from the present circumstances because HOA sale purchasers did not submit Rule 56(d) requests for additional discovery in those cases. ECF No. 71 at 2:12-21, 3:21-23. However, as Plaintiffs point out, Defendants' assertion is false:

> In *Elmer*, at a hearing on Freddie Mac and FHFA's motion for summary judgment, Elmer's counsel stated that he would file a Rule 56(d) request following the hearing. . . . The court stated it would allow counsel to "file whatever objection/position you have." . . . Shortly thereafter, the plaintiff filed a pleading titled "Vern Elmer's Supplement to Freddie Mac and FHFA'[s] Motion for Summary Judgment and *Request for FRCP 56(d) Relief*," which asserted that the business-record evidence Freddie Mac tendered was insufficient to show that "Freddie Mac actually purchased the mortgage," and argued that "Plaintiff should be allowed discovery pursuant to FRCP 56(d)." *See Elmer v. JP Morgan Chase Bank*, No. 2:14-cv-01999-GMN-NJK, at [4, 5] (D. Nev. July 2, 2015) (ECF No. 9[4]) . . . . The court rejected Elmer's Rule 56(d) motion, albeit without providing a rationale, and granted summary judgment eleven days later. *Elmer*, 707 F. App'x at 426-28.

ECF No. 72 at 6:23-7:8.[4]  Indeed, as Plaintiffs note, "GR Investments's counsel has previously acknowledged to a court in this District the existence of *Elmer*'s 56(d) request:  In a related matter, GR Investments' counsel conceded that '[i]n *Elmer*, the alleged 56(d) request was not filed prior to the summary judgment hearing, instead, it was filed only after the hearing.'" *Id*. at 7:24-8:1 (internal alteration added), *citing SFR Inv. Pool 1, LLC's Reply in Support of its Counter-Motion for FRCP 56(D) Relief*, in *Ditech Fin. LLC et al v. SFR Invs. Pool 1, LLC*, 2:15-cv-02381-GMN-NJK (ECF No. 123 at 2:7-8).  In yet another case cited to by Plaintiffs, the Ninth Circuit affirmed this Court's denial of an HOA foreclosure sale purchaser's Rule 56(d) request for discovery because the Government-Sponsored Enterprise "provided sufficient evidence in the form of business records and publicly recorded documents." *KKRE*, 772 F. App'x at 553 (internal citation omitted).  Therefore, Defendants are mistaken in claiming that the Ninth Circuit cases relied on by Plaintiffs did not concern Rule 56(d) requests for discovery.

Finally, the cases referenced by Defendants in support of continued discovery are inapposite. First, it is true that Judge Hoffman, in another matter, permitted a HOA sale purchaser to take Rule 30(b)(6) depositions despite the pendency of a dispositive motion.  ECF No. 71 at 5:1-4, *citing* ECF No. 71-1 at 6:20-24.  However, in this case, Judge Hoffman found a stay of discovery appropriate because FHFA's then-pending motion for summary judgment was likely to dispose of the parties' claims if granted and could be resolved without additional discovery.  ECF No. 61 at 3:2-3, 3:7-8. FHFA, now joined by Freddie Mac and Nationstar, have filed renewed motions for summary judgment and to stay discovery, which are virtually identical to the motions Judge Hoffman reviewed.  *Compare* ECF No. 46 (FHFA's Motion for Summary Judgment) *with* ECF No. 68 (Plaintiffs' Motion for Summary Judgment); *compare* ECF No. 47 (FHFA's Motion to Stay Discovery) *with* ECF No. 69 (Plaintiffs' Motion to Stay Discovery).  In addition, the Court need not

---

[4] Defendants note that the Ninth Circuit cases discussing Rule 56(d) discovery requests on which Plaintiffs rely, including *Elmer*, are "non-binding, unpublished orders" and, therefore, lack precedential value. ECF No. 71 at 2:16; *see also id*. at 2:8-9, 19-21.  Even if these decisions lack precedential value, they may be cited to for their persuasive value. Fed. R. App. P. 32.1(a) and 36-3(b) (permitting citation to unpublished Ninth Circuit decisions issued on or after January 1, 2007 for their persuasive value).  In any event and, as previously stated, "[t]his Court, as well as the Ninth Circuit, has explicitly rejected . . . arguments" for further discovery when plaintiffs "present[] business records supported by employee declarations, which show that [p]laintiffs purchased the original loans secured on the Properties and maintained ownership at the time of the respective HOA foreclosure sales." *Ditech*, 380 F. Supp. 3d at 1095 (internal citations omitted).

discuss Defendants' citations to outside deposition testimony in which Fannie Mae's employee failed to identify a document custodian with physical possession of a promissory note (ECF No. 71 at 5:7-18 (internal citations omitted)), or Defendants' claim that TBW's role as the originator of the loan at issue undermines the reliability of Freddie Mac's business records (*id*. at 7:8-11). It must be stressed—again—that this Court, as well as the Ninth Circuit, has squarely disavowed challenges to "the authenticity of [business] records, sufficiency of the agency relationships and property interests, recording documents, and consent to extinguishment" when an Enterprise tenders business records supported by an employee declaration evidencing an acquisition and secured interest in priority prior to a HOA foreclosure sale. *Ditech*, 380 F. Supp. 3d at 1095, *citing in part Bank of Am., N.A. v. Pueblo at Santa Fe Condo. Ass'n, Inc.*, Case No.: 2:16-cv-01199-GMN-CWH, 2019 WL 1338385, at *4 (D. Nev. Mar. 25, 2019) (finding no dispute of material fact when Fannie Mae provided business records showing it had purchased the original loan secured on the property and maintained ownership at the time of the HOA foreclosure sale, even though defendants argued that the record deed of trust did not name Fannie Mae); *Bank of Am., N.A. v. Palm Hills Homeowners Ass'n, Inc.*, 2:16-cv-00614-APG-GWF, 2019 WL 958378, at *2 (D. Nev. Feb. 27, 2019) (same); *Williston*, 736 F. App'x at 169 (affirming district court's grant of partial summary judgment in favor of Freddie Mac and FHFA despite appellant's contention that "Freddie Mac provided inadequate evidence of its property interest").

In sum, having taken a preliminary peek at Plaintiffs' pending Motion for Summary Judgment (ECF No. 68), the Court is convinced that this case dispositive motion can be decided without additional discovery. The Court therefore finds a stay of discovery appropriate pending resolution of Plaintiffs' Motion for Summary Judgment.

**III.  ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Stay Discovery (ECF No. 69) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED pending the Court's resolution of Plaintiffs' Motion for Summary Judgment (ECF No. 68).

IT IS FURTHER ORDERED that the parties' Revised Supplemental Joint Discovery Plan and Scheduling Order (ECF No. 70) is DENIED without prejudice. The parties may resubmit their revised supplemental discovery plan and scheduling order, if necessary, following the Court's ruling on Plaintiffs' Motion for Summary Judgment.

DATED THIS 29th day of May, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE